William Alexander WITHERS, Appellant,

v.

The STATE of Texas, Appellee.

No. 08–81–00077–CR.

Court of Appeals of Texas, El Paso.

April 7, 1982.

Discretionary Review Granted June 16, 1982.

John A. Schwartz, El Paso, for appellant.

Steve W. Simmons, Dist. Atty., R. Bradford Stiles, Coll Bramblett, Asst. Dist. Attys., El Paso, for appellee.

Before STEPHEN F. PRESLAR, C. J., and WARD and OSBORN, JJ.

OPINION

OSBORN, Justice.

The Appellant was convicted of involuntary manslaughter as a result of the death of his wife after she was shot by a pistol which Appellant was working on. The jury assessed a sentence of six years, which they recommended be suspended and that Appellant be placed on adult probation.

The facts surrounding the shooting are not in conflict. About a month prior to this incident, Appellant purchased a 20-gauge shotgun, a .357 caliber pistol and a .22 caliber pistol. He testified he had some trouble with the hammer hanging up on the .357 pistol, and returned it to the purchaser. After it was returned to him, the problem reoccurred and on the evening of January 23, 1980, Appellant was in his garage trying to repair the gun at a workbench. He said his wife came out and sat down beside him on a stool to see what he was doing. While seated on separate stools next to each other, the couple's puppy jumped into Mrs. Withers's lap. She pushed it off of her, and it jumped over onto Mr. Withers. He pushed the dog away with the hand holding the gun and the hammer slipped, the gun fired and Mrs. Withers was shot in the head. She died very shortly thereafter.

Mr. Withers gave a written statement to the El Paso police two days later. In that statement, he details some areas of marital discord and refers to an incident where his wife had an affair with another man while they were stationed in Hawaii. It noted that Appellant was divorced twice before his marriage to the victim of this shooting. The statement also details the events on the evening of the shooting. Both the beginning and ending of this statement refer to the shooting as an accident.

The first ground of error is based upon the trial court admitting the entire statement into evidence. Following a hearing on a Motion to Suppress, the court ruled that the entire statement was admissible, over Appellant's objection that the parts about the marital problems were prejudicial and irrelevant to the offense charged. We agree.

■ The offense indicted was involuntary manslaughter. Section 19.05, Tex.Penal Code. The offense arises out of reckless conduct. Motive or intent are not elements of the crime. Section 19.06, Tex.Penal Code, which relates to evidence in homicide cases provides:

In all prosecutions for murder or voluntary manslaughter, the state or the defendant shall be permitted to offer testimony as to all relevant facts and circumstances surrounding the killing and the previous relationship existing between the accused and the deceased, together with all relevant facts and circumstances going to show the condition of the mind of the accused at the time of the offense. [Acts 1973, 63rd Leg., p. 883, ch. 399, section 1, eff. Jan. 1, 1974. Amended by Acts 1973, 63rd Leg., p. 1123, ch. 426, art. 2, section 1, eff. Jan. 1, 1974.]

This is not such a case. Evidence of marital problems between the parties was not relevant to any issue concerning Appellant's reckless conduct as defined in Section 6.03(c) of the Tex.Penal Code, but such evidence was very prejudicial as to issues not before the jury. Likewise, proof that Appellant had been divorced on two occasions was not relevant to any jury issue. *Boyds v. State*, 513 S.W.2d 588 (Tex.Cr.App.1974). For such evidence to be admissible, it must tend to establish the truth of a proposition material to the issues. 2 Ray, Texas Law of Evidence Section 1481 (1980). The facts in that part of the statement to which an objection was made were not material to any issue to be decided by the jury. And even when such inferences have probative value, they may be rejected if there is a danger of creating undue prejudice in the minds of the jury or a danger of leading the jury away from the main issue. 2 Ray, Texas Law of Evidence, supra; *Charter Medical Corporation v. Miller*, 605 S.W.2d 943 (Tex.Civ.App.—Dallas 1980, writ ref'd n. r. e.). We conclude that the probative value of the evidence objected to does not outweigh its inflammatory and prejudicial aspects. *Cobb v. State*, 503 S.W.2d 249 (Tex.Cr.App.1973). Ground of Error No. 1 is sustained.

■ The Appellant's fifth ground of error asserts the trial court erred in refusing his requested instruction to the jury relating to the defense of accident. Certainly, an instruction must be given on each defensive issue raised, including that of accident. *Esparsa v. State*, 520 S.W.2d 891 (Tex.Cr. App.1975); *Stiles v. State*, 520 S.W.2d 894

(Tex.Cr.App.1975). Of course, the testimony of a defendant is sufficient to raise an issue and require a charge on the defensive theory of accidental homicide. *Sargent v. State,* 518 S.W.2d 807 (Tex.Cr.App.1975). The general rule as set forth in 1 Wharton's Criminal Law and Procedure (1957), Section 212, states: "A homicide is deemed excusable when it accidentally occurs during the commission of a lawful act in a non-negligent manner." * * * "Under this principle the defendant is not responsible for a death that occurs accidentally and without negligence in the course of the lawful use of firearms, * * *." Also *see:* Wharton's Criminal Law, Volume 2, 14th Edition (1979), Section 136.

In *Garcia v. State,* 605 S.W.2d 565 (Tex.Cr.App.1980), the court again noted that a homicide may be accidental and that it is reversible error to refuse to give a requested instruction to the jury where the evidence raises this defense. In that case, the evidence which raised the issue of accident was the conduct of a third party in grabbing the gun and pulling on it. In the *Garcia* case, the court relied upon its opinion in *Dockery v. State,* 542 S.W.2d 644 (Tex.Cr.App.1976), where the court discussed the distinctions between intentional, reckless, negligent and accidental conduct. In the opinion on motion for rehearing, the court concluded that homicide is punishable only where the State proves both voluntary conduct and a culpable mental state. Thus, if the discharge of the weapon does not result from the voluntary conduct of the defendant, i.e., conduct of a third party, as in *Garcia,* then the issue of accidental homicide is raised and an instruction must be given. In the case now before us, there is no evidence that Mr. Withers's conduct was not voluntary. He was the one who loaded the weapon, he was the one who cocked it, he was the one who pushed the dog out of his lap just before the weapon fired, and there was no involuntary conduct which raises the issue of accidental homicide. As noted in 5 Teague-Helft, Texas Criminal Practice Guide (1982), Section 124.05, " * * * a defendant is not entitled to a jury charge on accidental homicide if the defense evidence shows that the act causing death was voluntary." The court did not err in refusing to give the requested instruction. Ground of Error No. 5 is overruled. Grounds of Error 2, 3 and 4 relate to issues which may not arise upon a new trial. Nevertheless, we would note that the State should not be permitted to recall Phillip Drake as a witness if, as in the first trial, all of his testimony is inadmissible hearsay. In addition, we conclude that the State's attorney should limit his argument to the offense indicted and not some other offense. Grounds of Error 2, 3 and 4 are overruled.

The judgment of the trial court is reversed and the case is remanded for a new trial.