William Weems HUMPHREY, Appellant,

v.

The STATE of Texas, Appellee.

No. 68206.

Court of Criminal Appeals of Texas, En Banc.

March 16, 1983.

**950**

James T. Flynt, Mineola, for appellant.

Robert Huttash, State's Atty., and Alfred Walker, Asst. State's Atty., Austin, for the State.

## OPINION

DALLY, Commissioner.

This is an appeal from a conviction for the offense of involuntary manslaughter; the punishment is imprisonment for 10 years and a fine of $5,000.

The appellant insists that: he was denied a speedy trial under the provisions of Article 32A.02 V.A.C.C.P.; he did not have the mental capacity to understand what he was doing when he gave a confession; evidence was improperly admitted.

Article 32A.02, Section 3, V.A.C.C.P. provides that the failure of a defendant to move for a discharge under the provisions of this article prior to trial or entry of a plea of guilty constitutes a waiver of the rights accorded by this article. The appellant's motion to dismiss the indictment under the provisions of Article 32A.02 V.A.C.C.P. was not filed until the day of trial, and it was not presented to the trial court until after the appellant announced ready for trial, the jury had been impaneled and sworn, and a plea of not guilty had been entered. The motion to dismiss alleging denial of a speedy trial was not timely, and the appellant waived any rights to which he may have been entitled under Article 32A.02 V.A.C.C.P. See *Kennedy v. State*, 630 S.W.2d 509 (Tex.App.—Ft. Worth 1982); *Leal v. State*, 626 S.W.2d 866 (Tex. App.—Corpus Christi 1981). The record in this case is unlike that in *Finch v. State*, 643 S.W.2d 415 (Tex.Cr.App.1982), where the trial judge certified that a motion to dismiss was "timely submitted to the court

and overruled." In that case the motion to dismiss was filed 45 days before trial and heard on the day the trial commenced.

The appellant's second ground of error is that: "The Defendant, under Articles 19.05 and 19.06, was not mentally able to understand the acts and natures of his deeds to properly give a confession or an oral statement at the time same was given." The complete argument concerning this ground of error is: "The statement of facts clearly reflects, on pages 39 through 41, that Defendant was not mentally capable of making a confession at that time and under Art. 19.05 and 19.06 of the Penal Code same should not have been admitted and same commits reversible error. Art. 38.22 of the Code of Criminal Procedure had been totally violated and it is obvious from Defendant's testimony that he was unaware of his rights and privileges and for that reason same should have been excluded further."

The pages of the statement of facts referred to in appellant's brief reflect the testimony of the appellant during a hearing, in the absence of the jury, to determine whether the appellant's confession was voluntary. The appellant testified the shooting incident occurred in a bedroom at his house and that shortly thereafter an officer and an ambulance arrived. The appellant testified he could not remember everything that happened from 1:30 a.m., when he got to the Wood County Correctional Institute, until 4:28 a.m., when he signed the written statement he had made. He testified he had been informed of his wife's death at 2:13 a.m. and his mind went blank and he didn't remember anything, but he thought he made two statements. He also testified he did not understand the warning which was read to him by the officer, because he was in a state of shock, and he was incapable of making a decision at that time.

The evidence offered by the State supports a finding that the confession was made by the appellant voluntarily after he was advised of his constitutional and statutory rights. The officers to whom appellant gave the confession testified they observed nothing to indicate the appellant

was not mentally able to understand what he was doing when he made and signed the confession.

 The trial judge is the trier of facts at a hearing on the voluntariness of a confession; he is the judge of the credibility of witnesses and the weight to be afforded their testimony. *Rumbaugh v. State,* 629 S.W.2d 747 (Tex.Cr.App.1982); *Barton v. State,* 605 S.W.2d 605 (Tex.Cr.App.1980); *Eubanks v. State,* 635 S.W.2d 568 (Tex.App. —Houston [1st] 1982). The evidence is amply sufficient to show the appellant was mentally competent to make the statement and to support the trial court's findings that the confession was voluntarily made after the appellant had been advised of his constitutional and statutory rights.

The appellant in his third ground of error says: "That numerous alleged acts of violence were introduced by the State without proper predicate being laid." In his brief he argues: "On pages 166 and 167 and subsequent pages of the statement of facts of the offenses alleged to have occurred and occasioned by this Defendant were admitted into evidence under strenuous objections of Defendant's counsel, and same could only be inflammatory and highly prejudicial to the Defendant. The jury should have been instructed not to consider the same for any purpose and Defendant's motion for a mistrial should have been granted." We quote from the record:

PROSECUTOR: "Q Now, there was evidence by the doctor that examined your mother that she had numerous bruises on her body?

ANGIE HUMPHREYS: "A Yes, sir.

"Q Do you know how those bruises got there?

"A My dad.

"Q What did he do?

"A Before that day he had been hitting on her.

"Q Had he been hitting on her, say he hit her with his hand or with an instrument or something?

"A He had been slapping her and hit her up against the wall.

"Q And had this been happening all weekend?

"A Yes, sir.

DEFENSE: "To which, Your Honor, we object, under 19.06. All weekend brings in other dates, already made an objection to that once. At this time we are going to ask for a mistrial.

THE COURT: "Objection will be overruled. Mistrial denied.

DEFENSE: "Note our exception.

PROSECUTOR: "Q O.K., Angie, your father had struck your mother several times before, hadn't he?

"A Yes, sir.

"Q As a matter of fact your father struck your mother just quite often, did he not?

"A Yes, sir."

The court sustained the appellant's objection to the last question and denied a mistrial.

 The appellant's reference to 19.06 in his trial objection and brief evidently refers to V.T.C.A. Penal Code, Section 19.06, which provides that evidence of relevant facts and circumstances of the killing and previous relationships existing between the accused and the deceased may be admitted to show the condition of the mind of the accused at the time of the offense in prosecutions of murder or voluntary manslaughter. Although not elucidated, it seems the appellant argues that in this prosecution for involuntary manslaughter the complained of evidence should be excluded. We do not construe V.T.C.A. Penal Code, Section 19.-06, to so limit the testimony. Recklessness is the culpable mental state in a prosecution for involuntary manslaughter; however, V.T.C.A. Penal Code, Section 6.02(e) provides that proof of a higher degree of culpability than that charged constitutes proof of the culpability charged. The evidence complained of may tend to show that appellant intentionally shot and killed his wife. Proof that the act was intentionally done would suffice for the lower degree of culpability that appellant acted recklessly. V.T.C.A. Penal Code, Section 6.02(e). Cf. *Withers v. State,* 631 S.W.2d 595 (Tex.Cr.App.

1982). The court did not err in overruling the appellant's objections and denying a mistrial.

The judgment is affirmed.

ONION, P.J., not participating.