Eduardo HERNANDEZ, Appellant,

v.

The STATE of Texas, Appellee.

No. 08–86–00058–CR.

Court of Appeals of Texas,
El Paso.

April 29, 1987.

Rita Rodriguez, El Paso, for appellant.

Steve W. Simmons, Dist. Atty., El Paso, for appellee.

Before SCHULTE, FULLER and WOODARD, JJ.

## OPINION

WOODARD, Justice.

This is an appeal from a conviction for delivery of heroin. The jury assessed punishment at thirty years' imprisonment. We affirm.

 Appellant's sole point of error asserts denial of constitutional and statutory

rights to a speedy trial. We find that any such error has not been preserved for appellate review. Although the Appellant's motion to dismiss was filed in advance of trial, it was not presented to the court until after the jury had been selected and sworn. We acknowledge that Appellant had not, however, entered his plea to the indictment. Nonetheless, we conclude that trial had "commenced" prior to presentation of the speedy trial motion. Consequently, any error was waived. Tex.Code Crim.Pro.Ann. art. 32A.02 (Vernon Supp.1987). *Humphrey v. State*, 646 S.W.2d 949 (Tex.Crim. App.1983). Our conclusion necessarily turns upon a determination of when trial "commences." In *Noel v. State* (Tex.Crim. App. No. 827–83, March 14, 1984) (rehearing pending only on constitutionality of Speedy Trial Act), the Court of Criminal Appeals suggested that such motions have been held timely if presented prior to the announcement of ready or introduction of testimony. We point out first that all of the cited authority for such a proposition predated the decision in *McElwee v. State*, 589 S.W.2d 455 (Tex.Crim.App.1979) (on remand from the United State Supreme Court), which established the impaneling of the jury as the point at which jeopardy attaches, in harmony with traditional federal doctrine and contrary to the prior Texas rule focusing upon entry of the defendant's plea. The focus upon announcement of ready or receipt of testimony in the *Noel* decision was unnecessary to overturn the clear error of the Fifth Court of Appeals in their unpublished preliminary appellate review of the speedy trial issue. The Court of Criminal Appeals did identify the public policy factors justifying the requirement that a speedy trial motion be filed before trial commences:

> Finally, as a matter of public policy, it is clear that questions directed to the very power of the court to resolve criminal controversies must be raised before trial proceedings actually begin; at risk is judicial economy in general and the trial judge's control of his court in particular.

(*Noel*, slip opinion at 3). While we would not go as far as the Dallas Court of Appeals in *Noel*, we suggest that given the above policy considerations, the design of our state trial process, and the significance of the attachment of jeopardy, the latter point (seating the petit jury) is the most acceptable cutoff for presentation of a speedy trial motion. Surely, when jeopardy attaches, the trial has commenced. Accordingly, we hold that the speedy trial issue was waived and we overrule Point of Error No. One.

█ Admittedly by way of dictum, we note for the benefit of the parties that had the issue been preserved, we would not be disposed to sustain the point of error. Appellant was paroled to El Paso County on May 19, 1982, from a ten-year prison sentence for prior delivery of heroin. His parole was conditioned upon his residence at a halfway house. The instant offense occurred on July 7. No arrest was made. Appellant absconded from parole on August 1, 1982, and fled to California. By his own testimony, he was seeking to avoid apprehension, albeit for parole violation. The indictment in this case was returned on December 10, 1982. The State has relied upon Tex.Code Crim.Pro.Ann. art. 32A.02, sec. 4(4)(A), tolling that period during which the defendant's location is unknown and he is avoiding apprehension. Appellant suggests that the tolling predicate necessitates that his avoidance of apprehension must relate to the instant offense. We do not agree with such a narrow interpretation. The State's excusable difficulty in locating the fugitive defendant stems from the flight and avoidance, regardless of which criminal proceeding is the stimulus. Appellant remained in California for one year. He returned to El Paso at the end of August, 1983, but was arrested in New Mexico on October 18, 1983, for a burglary committed in that state. Upon initial arrest there, he utilized a false name—Javier Ramirez. He did ultimately confess his true name and was convicted under that name, receiving a sentence of four and one-half years. The testimony revealed that the El Paso District Attorney's Office learned of his whereabouts

from his mother in May, 1985. A detainer was lodged, and he was returned to El Paso, by his testimony, on September 2. At this point, the State's earlier announcement of ready was fully effective without the tolling qualification. Including the entire month of May, 1985, a period of 124 days lapsed before September 2. It is not unreasonable to assume that at least four days were consumed in confirming the information provided by Appellant's mother, preparing the detainer and transfer documents, and transporting the Appellant to El Paso. Consequently, had the merits of the speedy trial issue been reached by this Court, reversal would not obtain. Point of Error No. One is overruled.

The judgment is affirmed.