Shaddrack GONZALES, Appellant,

v.

The STATE of Texas, Appellee.

No. 04–88–00330–CR.

Court of Appeals of Texas,
San Antonio.

July 26, 1989.
Discretionary Review Refused
Nov. 22, 1989.

Richard E. Langlois, San Antonio, for appellant.

Fred G. Rodriguez, Charles F. Montgomery, Jr., Wende K. Rush, Laurie A. Booras, Crim. Dist. Attys., San Antonio, for appellee.

Before BUTTS, CHAPA and BIERY, JJ.

## OPINION

CHAPA, Justice.

The opinion of this Court issued June 14, 1989 is withdrawn, and this opinion is substituted in its place.

Appellant, Shaddrack Gonzales, was convicted by a jury for the offense of murder. The jury assessed appellant's punishment at 99 years' imprisonment. Appeal has been perfected. We affirm.

The issues before this Court are:

1) whether the trial court committed reversible error in overruling appellant's motion for mistrial because of eighteen alleged acts of prosecutorial misconduct;

2) whether the trial court committed reversible error in overruling "appellant's objections to the State's introduction of extraneous evidence" on nine alleged instances during the trial;

3) whether the trial court committed reversible error by overruling "appellant's objection to collateral impeachment by Alejandro Gonzalez of Santiago Hernandez's testimony"; and

4) whether the trial court committed reversible error by overruling appellant's motion for mistrial because of five instances during the trial when the State made alleged improper jury arguments.

Appellant concedes that the evidence showed:

1) that appellant drove his car, with his young daughter Amy as a passenger, to his mother-in-law's home in the early hours of September 20, 1986;

2) that appellant shot his wife, Ana Maria Gonzales, who had their baby son on her hip, when she attempted to get Amy out of appellant's car;

3) that appellant then stepped out of his car and again shot his wife;

4) that appellant then fired two more times in the direction of his mother-in-law;

5) that appellant then drove Amy to Atascosa County to a friend's home, where he admitted he had killed his wife and wanted to kill himself; and

6) that the Sheriff was called and the appellant was arrested without incident.

Appellant contends that his only defense during the trial was insanity; that he presented Dr. Robert Jimenez, who testified that in his opinion appellant did not know right from wrong on the occasion in question; and that the State countered with Dr. John Sparks, who testified that in his opinion appellant did know right from wrong at the time he shot his wife.

Initially, appellant cites eighteen alleged acts of prosecutorial misconduct, which he argues should have individually and collectively resulted in the trial judge granting his many motions for mistrial, which were denied. We will deal with all the alleged improper acts collectively. *Euzierre v. State*, 648 S.W.2d 700, 703 (Tex.Crim.App. 1983).

To preserve error of alleged improper conduct of the prosecution, appellant must (1) object, and obtain a ruling, (2) request an instruction to the jury to disregard, and (3) ask for a mistrial. *Brooks v. State*, 642 S.W.2d 791, 798 (Tex.Crim. App.1982). "An instruction to disregard usually will cure any error committed by such statements." *Id.* at 798. It is only when such statements of the prosecution are so inflammatory that the prejudicial effect cannot reasonably be cured by an instruction to the jury to disregard it that reversible error will result. *Logan v. State*, 698 S.W.2d 680, 682 (Tex.Crim.App. 1985). This is ultimately determined on the basis of the probable effect the alleged remarks had on the minds of the jurors, viewed in the light of the facts that were adduced and in context. *Id.* at 682. An appellant's general objection during trial presents nothing for review. *Guzmon v. State*, 697 S.W.2d 404, 411 (Tex.Crim.App. 1985), *cert. denied*, 475 U.S. 1090, 106 S.Ct. 1479, 89 L.Ed.2d 734 (1986). "When the objection at trial is not the same as that urged on appeal, the complaint is not properly preserved for review." *Id.* at 411. Mere unsuccessful attempts by the prosecution to introduce in admissible evidence without the jury viewing the inadmissible evidence, does not present reversible error. *Green v. State*, 567 S.W.2d 211 (Tex.Crim. App.1978). "Only in the most exceptional cases could an unsuccessful attempt to elicit inadmissible testimony require a mistrial." *Johnson v. State*, 583 S.W.2d 399, 407 (Tex.Crim.App.1979). "[I]f a fact to which objected—to hearsay relates is sufficiently proven by other competent and unobjected to evidence, the admission of the hearsay is properly deemed harmless and does not constitute reversible error."

*Livingston v. State*, 739 S.W.2d 311, 333 (Tex.Crim.App.1987), *cert. denied*, — U.S. ——, 108 S.Ct. 2858, 101 L.Ed.2d 895 (1988).

A review of the eighteen acts of alleged prosecutorial misconduct discloses that in each one of the alleged violations, appellant either made an improper or general objection; the objection was not clearly ruled on; the objection varied from the objection raised on appeal; or the objection was sustained and a clear and unequivocal instruction (and in some instances two) to the jury to disregard was issued by the trial judge sua sponte or upon request. The complained of attempt by the prosecution to improperly introduce a police report failed, the court sustained the objection of appellant, the document was not admitted, and the record does not reflect the jury saw the report. In one of the other complained of occurrences, appellant conceded in the record that the court's instruction had cured the problem. Moreover, considering all the foregoing, the considerable evidence of appellant's ability to distinguish right from wrong at the time of the incident, and the overwhelming and uncontradicted evidence that appellant killed his wife under the circumstances described above, we conclude that any error under this point which was properly preserved and remain uncured, if any, beyond a reasonable doubt did not contribute to the findings or the sentence. TEX.R.APP.P. 81(b)(2).

Appellant next contends the trial court erred in permitting the introduction of "extraneous evidence" relating to prior misconduct of the appellant toward the deceased.

TEX.PENAL CODE ANN. § 19.06 provides:

In all prosecutions for *murder* or *voluntary manslaughter*, the state or the defendant shall be permitted to offer testimony as to all relevant facts and circumstances surrounding the killing and the previous relationship existing between the accused and the deceased, together with all relevant facts and circumstances going to show the condition of

the mind of the accused at the time of the offense.

Appellant argues that "because the issue of insanity was raised by the appellant, ... prior acts of misconduct and criminal conduct against his wife, the deceased, was not admissible under V.T.C.A., PENAL CODE § 19.06." To support this argument, appellant erroneously relies on *Withers v. State*, 631 S.W.2d 595 (Tex.Crim.App. 1982).

*Withers, supra,* involves a charge of involuntary manslaughter, which does not involve the application of § 19.06. If appellant's argument has any validity, any accused charged with murder can simply raise the issue of insanity and be spared the application of § 19.06. Further, by raising the issue of insanity, appellant voluntarily and directly brings into focus, "the condition of the mind of the accused at the time of the offense." TEX.PENAL CODE ANN. § 19.06. An accused cannot be permitted to claim a certain condition of his mind at the time of the offense which he claims exonerates him, and also prevent the State the opportunity to show an opposite view of the condition of the accused's mind at the time of the offense, which may convict him. The point is rejected.

Appellant next contends the trial court erred in permitting alleged "collateral impeachment by Alejandro Gonzalez of Santiago Hernandez's testimony."

In an alleged error relating to improper impeachment, appellant must voice his objection during trial at the first opportunity, or nothing is preserved for review. *Marini v. State*, 593 S.W.2d 709, 716 (Tex.Crim.App.1980). "The test as to whether a matter is collateral is whether the cross-examining party would be entitled to prove it as part of his case...." *Bates v. State*, 587 S.W.2d 121, 133 (Tex.Crim.App.1979).

This record reflects that appellant made his objection after all the objected-to evidence had been presented, which made the objection untimely and unpreserved. *Marini, supra.* Further, the alleged "collateral" matter concerned threats by the appellant to the deceased, which fell within the provisions of TEX.PENAL CODE ANN. § 19.06. The point is rejected.

Appellant finally argues that the trial court committed reversible error by denying appellant's motion for mistrial due to five instances of alleged improper jury arguments by the prosecution.

Before complaining about improper jury arguments, an accused has the duty to press for a ruling of the court in order to properly preserve error. *Stoner v. State*, 585 S.W.2d 750, 755 (Tex.Crim. App.1979). Further, the accused must also insist on an instruction to the jury before asking for a mistrial, in order to properly preserve error. *Brooks v. State, supra.* "Ordinarily, any injury from improper jury argument is obviated when the court instructs the jury to disregard, unless the remark is so inflammatory that its prejudicial effect cannot reasonably be removed by such an admonishment." *McKay v. State*, 707 S.W.2d 23 (Tex.Crim.App.1985), *cert. denied,* 479 U.S. 871, 107 S.Ct. 239, 93 L.Ed.2d 164 (1986). Generally, proper jury arguments involve a 1) summation of the evidence, 2) a reasonable deduction of the evidence, 3) an answer to argument of opposing counsel, and 4) a plea for law enforcement. *Good v. State*, 723 S.W.2d 734, 735 (Tex.Crim.App.1986).

A review of the record reveals that in each one of the instances of alleged improper jury argument, appellant either failed to get a ruling, did not permit the court to properly instruct, or failed to request a proper instruction; the objection was improper because the remark was invited by defense argument, or was a plea for law enforcement; or a proper instruction from the court cured any possible error.

We are compelled to express our disapproval, however, of a record which, as this, required such an active participation of the trial court in order to cure defects created by the prosecution for whatever reason. Certainly, the spirit of the law requires not only that an accused receive a fair trial, but also the appearance of a fair trial. Forcing the trial court to repeatedly

instruct the jury does not accomplish the appearance of a fair trial, and instead, in some instances, may prevent one. While we frown upon these actions, the question here is whether they amount to reversible error.

The Texas Court of Criminal Appeals has addressed this issue in *Stahl v. State,* 749 S.W.2d 826 (Tex.Crim.App.1988) which is relied upon by appellant. *Stahl* involved a prosecutor who repeatedly violated the court's instruction by often alluding to a painful outburst of the deceased's mother upon viewing the photo of her slain son. It further appeared that the outburst during trial may have been orchestrated by the same prosecutor. Concluding that the prosecutor's actions were blatant and amounted to reversible error, the court stated:

> This Court has never established a general test for all types of prosecutorial misconduct. Instead, we have examined such claims on a case by case basis. In *Landry v. State, supra* [706 S.W.2d 105 (Tex.Cr.App.1985) *cert. denied,* 479 U.S. 871, 107 S.Ct. 242, 93 L.Ed.2d 167 (1986) ], we rejected a claim of prosecutorial misconduct. In distinguishing the facts of that case from others in which we reversed for misconduct, we listed three factors. This brief list is neither exhaustive nor mandatory. It does, however, provide a starting point for identifying reversible conduct.
>
>> First, in all three cases cited,[5] the defendant objected to the conduct of the prosecutor. Secondly, the prosecutors were, by their actions deliberately violating an express court order. Thirdly, in reversing the above cases, this Court relied upon prosecutorial misconduct so blatant as to border on being contumacious.[6]

*Landry, supra* at 111.

[5] *Dexter v. State,* 544 S.W.2d 426 (Tex.Cr.App. 1976); *Boyde v. State,* 513 S.W.2d 588 (Tex.Cr. App.1974); *Stein v. State,* 492 S.W.2d 548 (Tex. Cr.App.1973).

[6] In the instant case, we find that the prosecutor's conduct was blatant. It was not contumacious as we understand that term.

*Id.* at 831.

"Blatant" is defined by Webster as "completely or crassly obvious," or "obtrusive in an offensive manner." "Contumacious" is defined as "stubbornly disobedient." WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY, 231, 497 (3rd ed. 1981).

While the prosecutor here obviously lacked courtroom experience, we are not persuaded that his complained of actions could be fairly termed as either "blatant" or "contumacious." Further, as already noted, several of the complaints have not been properly preserved.

We conclude that the properly preserved errors, pertaining to the alleged improper action of the prosecution beyond a reasonable doubt did not contribute to the finding or the sentence. TEX.R.APP.P. 81(b)(2).

The judgment is affirmed.