IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-93-073-CR





FREDERICK LYNN FLEMING,



 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE



 




FROM THE DISTRICT COURT OF BELL COUNTY, 264TH JUDICIAL DISTRICT



NO. 42,080, HONORABLE JOE CARROLL, JUDGE PRESIDING



 




 After the jury found appellant guilty of aggravated assault, Tex. Penal Code Ann.
§ 22.02 (West 1989), punishment, enhanced by a prior felony conviction, was assessed by the
court at confinement for six years. In a single point of error, appellant asserts that the trial court
erred in denying his motion for mistrial after the State improperly established that he had fathered
two children out of wedlock. We will overrule appellant's point of error and affirm the judgment
of the trial court.

 Appellant and Monique Stonum were never married. It appears to be undisputed
that appellant is the father of Stonum's two children as well as the father of a child Stonum was
carrying at the time of trial. Stonum, accompanied by her one-year old daughter, a cousin Tiffany
Howard, and friends Nicole Johnson and Yolanda Rutledge, went to Motel 6 in Temple on June
4, 1992, to locate appellant. Stonum testified that she went to the motel to ask appellant for
money to buy "Pampers" for the baby and to "see if he was really out there with that girl." An
argument between Stonum and appellant began when Stonum approached appellant near the car
of one of his friends in the parking lot of the motel. While it is undisputed that appellant had a
gun, the testimony is conflicting as to whether appellant merely exhibited the gun or threatened
Stonum with the weapon. Stonum left with her friends and took her daughter to an aunt's house. 
After a visit to the Big Time Club, Stonum and her friends returned to Motel 6. Stonum, a
reluctant witness for the State, testified appellant was "showing it [the gun] to me and telling me
to leave and go home." Appellant told Stonum's friends to leave because he was going to shoot
Stonum. Stonum stated that she thought "he was just playing." During the course of the
argument, "I swung and hit him, and the gun went off." Stonum was hospitalized for a week as
the result of a bullet passing through her left thigh.

 Appellant urges that testimony elicited on redirect examination of State's witness
Tiffany Howard that Yolanda Rutledge had two children by appellant was not relevant to any issue
and was intended to prejudice appellant in the eyes of the jury. The following occurred during
redirect examination of Howard and forms the basis of appellant's complaint that the trial court
erred in overruling appellant's motion for mistrial:



Q [Prosecutor]: All right. Now, you're familiar with Yolanda Rutledge,

 aren't you?


A: Somewhat. I know of her, but I mean, we've never just been friends.


Q: She also has two children by this defendant; is that correct?


A: Uh-huh.


 MR. BROWN [Defense counsel]: Your Honor, I'm going to object to that. 
Again, I don't see that has any relevancy to this case.


 THE COURT: Sustained.


 MR. BROWN: I'd ask the jury be instructed to disregard that, your Honor.


 THE COURT: I'll instruct the jury to disregard the last question and
answer.


 MR. BROWN: Your Honor, I feel like this is a deliberate attempt on the
part of the State to prejudice this defendant in front of this jury, and I'd ask
for a mistrial.


 THE COURT: I'll trust that the jury will follow the instructions of the
Court, and I will instruct the jury again they should disregard anything that
was brought out in the last question and answer.


 Entrusting the jury to follow the instructions, I will overrule your motion for
mistrial.



 Appellant directs our attention to a finding by the Court of Criminal Appeals in
Boyde v. State, 513 S.W.2d 588, 589 (Tex. Crim. App. 1974), that the State's presentation of
evidence that defendant's wife filed for divorce after defendant was charged with homicide (for
which he was being tried) did not solve any disputed issue and was prejudicial to the defendant. 
In addition to eliciting information about defendant's wife filing for divorce, the Boyde court
pointed to numerous other errors resulting from attempts by the prosecutor to circumvent rulings
of the court in both presentation of inadmissible evidence and improper jury arguments in
concluding that prosecutorial conduct could not be labeled harmless. Id. at 593. In Withers v.
State, 631 S.W.2d 595, 596 (Tex. App.--El Paso), aff'd, 642 S.W.2d 486 (Tex. Crim. App.
1982), the court held that evidence of defendant's two prior divorces and his wife's affair with
another man were not related to any issue concerning defendant's reckless conduct and was
prejudicial as to issues not before the jury. In Hatke v. State, 455 S.W.2d 310, 312 (Tex. Crim.
App. 1970), also cited by appellant, the court found no error in the prosecutor's argument that
all the defendant had to show for thirty years of life was four broken marriages when the
defendant had testified that the man she was charged with murdering was her fourth husband.

 Appellant urges us to equate testimony relative to fathering children out of wedlock
with evidence about marital history in determining relevancy and harmfulness of the complained-of testimony. We need not make this determination because we do not find appellant's authorities
persuasive in the resolution of the issue in the instant cause. The complained-of testimony was
cumulative of other evidence that appellant had fathered children of an unmarried woman. The
trial court twice instructed the jury to disregard the complained-of question and answer. Harm
caused by an improper remark can generally be cured by "an appropriate instruction to disregard,
unless the remark is so inflammatory that its prejudicial effect cannot be effectively removed." 
Caldwell v. State, 818 S.W.2d 790, 801 (Tex. Crim. App. 1991). We hold that the complained-of
question and answer were not so objectionable that they could not be cured by the court's
instructions to disregard. Appellant's point of error is overruled.

 The judgment is affirmed.



 

 Tom G. Davis, Justice

[Before Justices Powers, Kidd and Davis*]

Affirmed

Filed: August 25, 1993

[Do Not Publish]
















* Before Tom G. Davis, Judge (retired), Court of Criminal Appeals, sitting by assignment. 
See Tex. Gov't Code Ann. § 74.003(b) (West 1988).