No. 04-98-00960-CR

Frederick CRISMON,

Appellant

v.

The STATE of Texas,

Appellee

From the 290th Judicial District Court, Bexar County, Texas

Trial Court No. 96-CR-2814

Honorable Bill White, Judge Presiding

Opinion by: Catherine Stone, Justice

Sitting: Tom Rickhoff, Justice

 Catherine Stone, Justice

 Paul W. Green, Justice

Delivered and Filed: December 8, 1999


AFFIRMED
 Appellant Frederick Crismon contests his conviction of sexual assault. The jury assessed
punishment at fifteen years imprisonment plus a $10,000 fine. On appeal, Crismon's court-appointed attorney filed an Anders brief, and Crismon exercised his right to file his own pro se brief.(1)
Although we construe Crismon's brief liberally, we hold that his issues on appeal are without merit
and affirm the judgment of the trial court.

Discussion

 The complainant filed charges of sexual assault against Crismon after a night of drinking in
her trailer. At the trial before a jury, Crismon pled not guilty, arguing that the contact was
consensual. The jury disbelieved Crismon's account and convicted him of sexual assault. In
multiple issues, Crismon complains: (1) the trial court committed reversible error by allowing the
testimony of a nurse over objection, only to later sustain the objection at the end of the trial; (2) the
evidence is legally and factually insufficient to support the conviction; (3) the trial court committed
reversible error in permitting the State to introduce evidence of Crismon's pre-arrest silence; and (4)
misrepresentations by the State caused defense counsel to withdraw timely objections, resulting in
an unfair trial.

 In his first issue, Crismon argues the trial court's change in ruling on an objection constituted
reversible error. As a general rule we recognize that to preserve error for appeal, the defendant must
(1) timely object (2) request an instruction to disregard, and (3) move for a mistrial. Moody v. State,
827 S.W.2d 875, 890 (Tex. Crim. App. 1992).

 As a witness for the State, Nurse Practitioner Nancy Sugarek, who examined the complainant
in the emergency room, testified that in her opinion the complainant was sexually assaulted. Defense
counsel objected on the grounds that the nurse's testimony invaded the province of the jury. The
trial court overruled the objection, but two hours later, sustained the objection and instructed the jury
to disregard the nurse's testimony. Crismon argues the nurse's testimony constituted incurable error
by inflaming the minds of the jurors. However, Crismon neglected to move for a mistrial. Thus,
he failed to preserve any error for review on appeal. See Coe v. State, 683 S.W.2d 431, 436 (Tex.
Crim. App. 1984).

 In his second and third issues, Crismon asserts the evidence is both legally and factually
insufficient to support the conviction. We review challenges to legal sufficiency of the evidence in
the light most favorable to the verdict and determine whether any rational trier of fact could have
found all the elements of the offense beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307,
319 (1979); Little v. State, 758 S.W.2d 551, 562 (Tex. Crim. App. 1988). It is for the jury, as trier
of fact, to assess the credibility of the witnesses and the weight of their testimony. Chambers v.
State, 805 S.W.2d 459, 461 (Tex. Crim. App. 1991). Further, the jurors are empowered to "draw
reasonable inferences from basic facts to ultimate facts." Kapuscinski v. State, 878 S.W.2d 248, 249
(Tex. App.-San Antonio 1994, pet. ref'd). Additionally, when considering factual insufficiency
claims, the court "views all the evidence without the prism of 'in the light most favorable to the
prosecution' and sets aside the verdict only if it is so contrary to the overwhelming weight of the
evidence as to be clearly wrong and unjust." Clewis v. State, 922 S.W.2d 126, 129 (Tex. Crim. App.
1996). Deference should be given to the trial court so that the appellate court is not merely
substituting its judgment. Id. at 135.

 Here, the jury heard testimony from the complainant's sister, the manager of the trailer park,
a nurse, and others about the events surrounding the evening in question. The jury was free to
believe the testimony of these witnesses. See Chambers, 805 S.W.2d at 461. Further, physical
evidence of the complainant's ripped clothing, clumps of complainant's hair on the ground, and
evidence of multiple bruises on the complainant's body, was admitted for the jury's consideration.
 A reasonable jury could deduce from these facts that a sexual assault occurred. See Kapuscinski,
878 S.W.2d at 249. We hold that the evidence is both legally and factually sufficient to support the
conviction.

 In his fourth and fifth issues, Crismon alleges the prosecutor misled defense counsel into
withdrawing her objections surrounding the questioning of one of the State's witnesses. Specifically,
Crismon complains that the State introduced testimony about his pre-arrest silence, violating his
privilege against self-incrimination. To preserve error of alleged improper conduct of the
prosecution, appellant must (1) object and obtain a ruling, (2) request an instruction to the jury to
disregard, and (3) ask for a mistrial. Gonzales v. State, 775 S.W.2d 776, 778 (Tex. App.-San
Antonio 1989, pet. ref'd).

 Crismon's counsel objected to the testimony; however, the State argued that defense counsel
previously 'opened the door' to such testimony by pursuing a similar line of questioning of another
witness earlier in the trial. Crismon's counsel conceded this point and withdrew her objection. In
the absence of any objection and a ruling on the objection, error has not been preserved. Tex. R.
App. P. 33.1 (requiring counsel to timely object and obtain a ruling to preserve error on appeal).
Since counsel withdrew her objection, we are precluded from conducting any harm analysis as to
these issues. We overrule Crismon's last two issues.

 Trial counsel's motion to withdraw is granted. The judgment of the trial court is affirmed.


 Catherine Stone, Justice

DO NOT PUBLISH

1. Crismon's court-appointed attorney filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), in
which she asserted that there were no meritorious issues to raise on appeal. We commend counsel for her exhaustive
brief which exceeds the requirements of an Anders brief which, at a minimum, must contain references to the record,
citations to authority, and legal analysis. High v. State, 573 S.W.2d 807, 812 (Tex. Crim. App. [Panel Op.] 1978).