**Gregory WILLIAMS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 64493.**

Court of Criminal Appeals of Texas, Panel No. 2.

Nov. 19, 1980.

Ted Redington and James P. Finstrom, Dallas, for appellant.

Henry M. Wade, Dist. Atty., Maridell Templeton, Lee Hight and Martin L. Lenoir, Asst. Dist. Attys., Dallas, Robert Huttash, State's Atty., Austin, for the State.

Before DOUGLAS, PHILLIPS and W. C. DAVIS, JJ.

## OPINION

PHILLIPS, Judge.

This is an appeal from a conviction of aggravated robbery. Punishment was assessed at imprisonment for 12 years.

Appellant contends that his right against self–incrimination was violated by the prosecutor's references to his post–arrest silence. Appellant also contends that the prosecutor improperly bolstered his own witness, misstated the law in his jury argument, and argued matters that were outside the record.

Approximately a week after the commission of the offense appellant was taken into custody. After being informed of his rights under *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), appellant gave a written statement confessing to the crime. The propriety of the confession is not in issue. At trial, appellant pleaded guilty and elected to have the jury assess punishment. He testified in his own defense. On direct examination by defense counsel, appellant admitted that he committed the offense. He then testified that since his arrest he regretted having committed the crime and having put others in fear of their lives. On cross–examination the prosecutor asked the appellant if, prior to trial, he had contacted any of the people he robbed in order to tell them he was sorry for what happened. During his closing argument to the jury the prosecutor also made reference to appellant's failure to contact anybody associated with the robbery to say that he regretted having committed the crime. Appellant objected in each instance that the prosecutor's action violated his right against self–incrimination.

Based on these facts, appellant contends that the prosecutor's questions and argument conflicted with his constitutional right to remain silent. The Fifth Amendment guarantees an accused the right to remain silent during his trial and prevents the prosecution from commenting on defendant's exercise of that right. *Doyle v. Ohio*, 426 U.S. 610, 96 S.Ct. 2240, 49 L.Ed.2d 91 (1976); *Griffin v. California*, 380 U.S. 609, 85 S.Ct. 1229, 14 L.Ed.2d 106 (1965). In the present case, of course, the appellant did not remain silent throughout the criminal proceedings, but chose to testify in his own defense.

Under present federal and state law, once the defendant voluntarily takes the stand before a jury he is subject to the same rules as any other witness; he may be contradicted, impeached, made to give evidence against himself, cross–examined as to new matter, and treated in every respect as any other witness testifying in his behalf, except when there are overriding constitutional or statutory prohibitions. *Jenkins v. Anderson*, 447 U.S. 231, 100 S.Ct. 2124, 2127, 65 L.Ed.2d 86 (1980); *Myre v. State*, 545 S.W.2d 820 (Tex.Cr.App.1977); *Sensabaugh v. State*, 426 S.W.2d 224 (Tex.Cr.App.1968). Once the defendant testifies, "[t]he interests of the other party and regard for the function of the courts of justice to ascertain the truth become relevant, and prevail in the balance of considerations determining the scope and limits of the privilege against self–incrimination." *Brown v. United States*, 356 U.S. 148, 156, 78 S.Ct. 622, 627, 2 L.Ed.2d 589 (1958).

A limitation on the use of pre–trial silence is set forth in *Doyle v. Ohio*, supra. In *Doyle*, the defendant received his *Miranda* warnings when he was arrested for selling marihuana. At that time, he made no statements to the police. During his subsequent trial, the defendant testified that he had been framed. The prosecutor impeached the defendant's credibility on cross–examination by revealing that the defendant remained silent after his arrest.

The Supreme Court reversed the conviction, stating that it is fundamentally unfair and a violation of a defendant's due process rights to draw unfavorable inferences from what may be an exercise of the defendant's right to remain silent under *Miranda*. The court based its decision on the fact that post–*Miranda* silence is "insolubly ambiguous." Moreover, the *Miranda* warnings serve to assure the accused, "at least implicitly, that his silence will not be used against him." *Anderson v. Charles*, 447 U.S. 404, 100 S.Ct. 2180, 2182, 65 L.Ed.2d 222 (1980).

Several facts distinguish appellant's case from *Doyle*. First, when appellant was confronted with the *Miranda* warnings, he chose to confess. Although *Doyle* bars the use of the accused's silence after governmental assurances of his right to remain silent, it does not apply when the accused voluntarily speaks after receiving *Miranda* warnings. This is so because the accused "has not been induced to remain silent." *Anderson v. Charles*, supra, 100 S.Ct. at 2182. Moreover, the "insolubly ambiguous" silence that permeated *Doyle* is not present. Since he already had confessed his guilt, appellant could be expected to speak out if he were sincere in his sorrow.

Appellant's entry of the guilty plea and judicial confession before the jury also diminished the force of appellant's assertion that his silence constituted an exercise of his right against self–incrimination. Finally, it must be remembered that the prosecutor's questions and his jury argument went solely to the issue of punishment, not to appellant's guilt or innocence. The fundamental unfairness present in *Doyle* is not present in this case. See *Roberts v. United States*, 445 U.S. 552, 100 S.Ct. 1358, 63 L.Ed.2d 622 (1980); *Anderson v. Charles*, supra.

Similarly, appellant's contention cannot be sustained under state law as set forth in the recent decision of *Franklin v. State*, 606 S.W.2d 818 (1979). In *Franklin*, this Court ruled that it is improper for the prosecutor to impeach a defendant's exculpatory testimony at trial by referring to the defendant's failure to testify concerning the exculpatory matter at a pre–trial hearing. Franklin pointed out that under *Simmons v. United States*, 390 U.S. 377, 88 S.Ct. 967, 19 L.Ed.2d 1247 (1967), a defendant has the right to testify at a pretrial hearing for a *limited* purpose, without waiving his Fifth Amendment rights. Also see *Myre*, supra; *Sensabaugh*, supra. This is necessary in order to avoid the impermissible "tension" that is created when a defendant is forced to choose between basic constitutional rights.

This Court also held in *Franklin* that the defendant was not expected to speak out at the pre–trial hearing on matters beyond the scope of the hearing. The defendant's silence as to matters beyond the scope of the pre–trial hearing was inherently ambiguous and, consequently, less probative than prejudicial. Compare *Doyle*, supra. Further, according to the Court in *Franklin*, Article 38.08, V.A.C.C.P., prevented any comment on the defendant's silence at the pre–trial hearing.

Such is not the case before us. Appellant is not being forced to sacrifice one constitutional right in order to assert another, as in *Simmons* and *Franklin*. As we have noted, appellant did not challenge the validity of his confession. Moreover, it is stated in *Franklin*:

It is a general rule of evidence that the prior silence of a witness as to a fact to which he has testified, *where such silence occurred under circumstances in which he would be expected to speak out*, may be used to impeach the witness during cross–examination . . . (emphasis added)

Unlike *Franklin*, under the facts of the case before us appellant could have been expected to speak out concerning his sorrow for what happened. As we noted previously, appellant did not remain silent after he was arrested and informed of his rights pursuant to *Miranda*. Instead, he confessed to the crime. Thereafter, there was nothing to prevent him from communicating his sorrow to the victim (by mail, if he was confined in jail). Appellant's silence in these circumstances is probative, unlike the defendant's silence in *Franklin*.

We hold that the prosecutor's cross–examination and argument were proper to test the credibility of appellant's testimony. The questions and argument did not violate state evidentiary law or appellant's federal or state rights against self–incrimination.

■ Appellant contends that the trial court committed reversible error in allowing the prosecutor to bolster the complaining witness. The record reflects that preceding the alleged improper bolstering, appellant's counsel cross–examined the complaining witness as follows:

Q And have you not had the opportunity to discuss your testimony with the District Attorney in this matter?

A Yes.

Q On how many occasions have you discussed your testimony with the District Attorney?

A Twice.

Q Does that include the phone call that he made to you?

A No.

Q Okay, he talked to you how many times with regard to your testimony in this matter?

A About three times.

Q And were you here yesterday?

A Yes.

Q And was the District Attorney who was talking to you about your testimony this man right here?

A Yes.

Q And where did he talk to you?

A In that room.

Q Okay, and for how long did he talk to you?

A About, off and on for about, you know, five minutes.

Q Well—

A Each time.

Q Each time?

A Yes.

* * * * * *

Q Okay, and did he have an opportunity to discuss your testimony with you this morning?

A Yes.

Q When did you draw that diagram?

A Yesterday.

Q Did you go over or rehearse your testimony with him again today as to that diagram?

A No.

Q Okay, did you discuss and rehearse your testimony at all with him today?

A We talked about it this morning.

On redirect examination the prosecutor elicited the following testimony from the complaining witness:

Q Okay, you and I have discussed your testimony, have we not?

A Yes.

Q Do you recall what I told you to do above all?

A Yes.

Mr. Redington: Objection, Your Honor, this is improper bolstering of this witness.

Mr. Hight: Judge, he opened this up and . . .

The Court: I'll overrule the objection.

* * * * * *

A What did I tell you to do to make sure you do above everything else?

* * * * * *

A To tell what I remember.

Q And not stretch anything, to tell the truth, isn't that right?

A Yes.

From the above quoted excerpts of the trial record, it is apparent that the appellant sought to insinuate that the witness's testimony was, if not fabricated, at least presented in a fashion that created the best image for the prosecution. Thus, it appears that the alleged improper bolstering was invited and was in reply to appellant's counsel. See *Pless v. State,* 576 S.W.2d 83 (Tex. Cr.App.1978). This ground is overruled.

■ Next, appellant contends that the prosecutor made an improper plea for law enforcement and misstated the law when he argued:

. . . You're going to say by your verdict you can come down and you can just lope off with the first one if you will just tell people you're sorry—

\* \* \* \* \* \*

. . . If you want to give him his first aggravated robbery free, if you want to give him probation, if you want to put him out on the street—

Appellant objected; his objection was overruled.

Under controlling case law, this argument is nothing more than a proper plea for law enforcement. *Bacon v. State*, 500 S.W.2d 512 (Tex.Cr.App.1973); *Phillips v. State*, 511 S.W.2d 22 (Tex.Cr.App.1974). This ground is overruled.

■ Appellant complains that the prosecutor's argument that "the woman who is the manager of the chicken store, whose business was falling apart while she is down here testifying . . ." was outside the record. We disagree with the state's reply that the argument was a reasonable and logical deduction from the evidence. Nonetheless, we must determine whether the error is reversible.

In *Thompson v. State*, 480 S.W.2d 624, 630 (Tex.Cr.App.1972), this Court stated the following rule:

The test as to whether an improper argument constitutes reversible error is whether, (1) the argument is manifestly improper, harmful and prejudicial, or (2) it is violative of a statute or, (3) it injects a new and harmful fact into the case.

The application of this rule depends on the facts of each case, and necessarily involves viewing the probable effect on the minds of the jurors. *Hodge v. State*, 488 S.W.2d 779 (Tex.Cr.App.1972); *Spaulding v. State*, 505 S.W.2d 919 (Tex.Cr.App.1974). Against this background, the prosecutor's argument, although improper, was not so prejudicial and harmful as to require reversal. *Livingston v. State*, 531 S.W.2d 821 (Tex.Cr.App.1976); *Elam v. State*, 518 S.W.2d 367 (Tex.Cr.App. 1975).

The judgment is affirmed.