**William Prather PRICE, Appellant,**

v.

**STATE of Texas, Appellee.**

**No. A14-81-739-CR.**

Court of Appeals of Texas, Houston (14th Dist.).

May 27, 1982.

Stanley Schneider, Houston, for appellant.

Patricia Saum, Mike Olsen, Houston, for appellee.

Before J. CURTISS BROWN, C.J., and JUNELL and PRICE, JJ.

PRICE, Justice.

This is an appeal from a conviction for aggravated rape. Appellant plead guilty to the offense and the jury assessed his punishment at fifty years confinement. Appellant asserts one ground of error. We affirm the judgment of the trial court below.

Appellant, in his sole ground of error, contends that the trial court erred in overruling appellant's objection to the State's question concerning appellant's silence from the date of the offense to the date of trial. The complained of testimony transpired when the appellant took the stand at the punishment phase of the trial and was cross-examined by the State as follows:

Q  Today is the 5th day of August, 1980, in a courtroom in front of a jury where you are on trial for the crime of aggravated rape, is that correct?

A  Yes.

Q  And isn't it true that that is the first time in twenty-three months that you have ever stated to anyone that you either committed the offense or that you are sorry for it?

Defense Counsel: Your Honor, I ask that the jury be excused at this time.

The Court: All right. Retire the jury. All right. The record will show that the jury has been excused from the court room.

Defense Counsel: The relevancy of silence and admission of guilt by Mr. Price anytime prior to today is not for the jury. It's a comment by the prosecutor of his silence at a prior time and at the time of the arrest, and it's highly prejudicial to go into. At this time his plea of guilty is to the jury. His prior silence and communication with the complainant is not relevant.

The Court: He's got it on cross-examination. You opened it up.

The appellant also complains of the prosecutor's allusion to the twenty-three month lapse of time between the date of the offense and the time of trial in his argument to the jury. However, there was no objection made to the jury argument.

Appellant relies on two cases for his proposition that it is impermissible to allow impeachment of an accused with his post arrest silence as being a comment on the accused's exercise of his constitutional privilege against self-incrimination. We believe both of those cases can be distinguished from the case at bar on a number of grounds. In *Doyle v. Ohio,* 426 U.S. 610, 96 S.Ct. 2240, 49 L.Ed.2d 91 (1976), one of the authorities cited by appellant, the defendant received his *Miranda* warnings when he was arrested, and at the time of his arrest he made no statements to the police. During his subsequent trial, the defendant testified that he had been framed. The prosecutor impeached the defendant's credibility on cross-examination by revealing that the defendant remained silent after his arrest and did not make such a contention that he had been framed. The Supreme Court reversed the conviction, stating that it is fundamentally unfair and a violation of a defendant's due process rights to draw unfavorable inferences from what may be an exercise of the defendant's right to remain silent under *Miranda.*

Several facts distinguish appellant's case from *Doyle.* First of all, the defendant in *Doyle* presented a new story at trial whereas appellant here did not reveal new information and sought only to establish his contrition. Secondly, the Court of Criminal Appeals in *Williams v. State,* 607 S.W.2d 577, 579 (Tex.Cr.App.1980) distinguished *Doyle* from the situation in that case because of the entry of a guilty plea and judicial confession:

> Appellant's entry of the guilty plea and judicial confession before the jury also diminished the force of appellant's assertion that his silence constituted an exercise of his right against self-incrimination. Finally, it must be remembered that the prosecutor's questions and his jury argument went solely to the issue of punishment, not to appellant's guilt or innocence. The fundamental unfairness present in *Doyle* is not present in this case. (Citations omitted.]

Although the case at bar did not include a judicial confession, appellant did plead guilty, unlike the case in *Doyle.* Therefore, the State's questions went solely to the issue of punishment. "Since he had already confessed his guilt, appellant could be expected to speak out if he were sincere in his sorrow." *Williams v. State, supra* at 579. Finally, appellant's repentant remarks were elicited by defense counsel during direct examination:

Q   And have you ever thought about trying to contact [the complainant]?

A   Yes, I have.

Q   What would have been the purpose of that?

State: Objection, Your Honor. That's irrelevant and immaterial.

The Court: I will permit it.

A   To tell her and her family that I am sorry for what happened. I would like somehow in some way to make it up to her. I truly am sorry.

Therefore, in view of defense counsel's question, appellant's silence in these circumstances is probative as to why he had not expressed his alleged regret earlier. *Williams v. State, supra,* at 579.

Similarly, appellant's contention cannot be sustained under state law as articulated in the recent decision of *Franklin v. State,* 606 S.W.2d 818 (Tex.Cr.App.1978). In *Franklin,* the Court of Criminal Appeals held that it is improper for the prosecutor to impeach a defendant's exculpatory testimony at trial by referring to the defendant's failure to testify concerning the exculpatory matter at a pre-trial hearing. The defendant in that case took the stand at a pre-trial hearing on his motion to suppress the fruits of a search and seizure. The court in *Franklin* held that a defendant has the right to testify at a pre-trial hearing for a *limited* purpose, without waiving his Fifth Amendment rights.

Like the case in *Williams v. State, supra* at 579, appellant here is not being forced to sacrifice one constitutional right in order to assert another. *Franklin, supra* at 848, stated the general rule that the prior silence of a witness as to a fact to which he has testified, where such silence occurred under circumstances in which he would be expected to speak out, may be used to impeach the witness on cross-examination. "Unlike *Franklin,* under the facts of the case before us appellant could have been expected to speak out concerning his sorrow for what happened." *Williams v. State, supra* at 579. Although as previously mentioned, *Williams* included both a confession and a guilty plea, the same distinctions apply here to *Franklin* as did in our discussion of *Doyle.* The appellant's remarks about his sorrow and thoughts of contacting complainant were elicited by defense counsel at the punishment phase of his trial after he had pled guilty to the offense. Therefore, unlike *Franklin,* appellant here did not take the stand for a limited purpose. Further, he testified that he was sorry for his criminal act and his silence was probative, unlike the defendant's silence in *Franklin. Williams v. State, supra* at 579.

We hold that the prosecutor's cross-examination and argument were proper to test the credibility of appellant's testimony. Appellant's sole ground of error is overruled.

The judgment is affirmed.