Tucker James **MAXSON**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 06–00–00239–CR.

Court of Appeals of Texas, Texarkana.

Submitted Jan. 23, 2002.

Decided March 26, 2002.

Rehearing Overruled June 18, 2002.

---

Stanley Schwieger, Waco, for appellant.

Henry Whitley, Special Asst. Dist. Atty., Marcus D. Taylor, Wood County Dist. Atty., Quitman, for appellee.

Before CORNELIUS, C.J., GRANT and ROSS, JJ.

## OPINION

Opinion by Justice GRANT.

Tucker James Maxson appeals from his conviction by a jury for the offense of sexual assault. The trial judge assessed punishment at ten years' imprisonment.

Maxson contends on appeal the trial court erred by overruling his objection to evidence that he had received *Miranda*[1] warnings and by overruling his Motion for Mistrial based on an emotional outburst by the victim in the presence of the jury.

Maxson first contends the use by the State of testimony that he was given *Miranda* warnings was harmful error. Counsel objected to this testimony as being a direct violation of the court's ruling. That ruling was made at a hearing on Maxson's Motion in Limine in which Maxson asked the trial court to instruct the State and its witnesses not to refer to anything concerning whether Maxson had asked for counsel or invoked his right to remain silent. This is supported by the State's response to the objection that, "Nobody said anything about the defendant invoking his right to remain silent." The objection was overruled. The State then followed up by asking the officer again whether he had advised Maxson of his constitutional rights.

■ The State initially argues the contention is not preserved for review because the substance of the objection was not apparent. Where an appellant claims the trial court erred in admitting evidence offered by the state, the error must have been preserved by a proper objection and ruling. *See Ethington v. State*, 819 S.W.2d 854, 858 (Tex.Crim.App.1991); *Rawlings v. State*, 874 S.W.2d 740, 742 (Tex.App.-Fort Worth 1994, no pet.). The objection must have been timely, and the defense must have stated the basis for the objection unless the particular ground was apparent

from the context. *See Lankston v. State*, 827 S.W.2d 907, 908–09 (Tex.Crim.App. 1992). A defendant's right to remain silent and not have that silence used against him or her at trial is a forfeitable right. Specifically, a defendant must object in order to preserve complaints concerning the admission of evidence showing his or her post-arrest silence. *Wheatfall v. State*, 882 S.W.2d 829, 836 (Tex.Crim.App.1994) (complaint concerning admission of evidence of defendant's post-arrest silence waived in absence of objection); *Miller v. State*, 939 S.W.2d 681, 687–88 (Tex.App.-El Paso 1996, no pet.).

■ The objection itself does not set out the complaint now raised. However, it is clear from our review of the Motion in Limine and the State's response to the objection, as well as the context in which the objection was raised (including the later objection to a question designed to elicit the same testimony), that the objection was understood by all involved as directed at testimony that Maxson was informed of his *Miranda* rights. We conclude the issue was preserved for review. *See* TEX.R. EVID. 103(a); *Veteto v. State*, 8 S.W.3d 805, 810 (Tex.App.-Waco 2000, pet. ref'd).[2]

■ Maxson contends the trial court's ruling was erroneous because it constituted permission to bring evidence before the jury from which it would conclude Maxson had exercised his right to remain silent, thus allowing the State to improperly draw the jury's attention to his silence.[3] Evi-

---

1. *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

2. This case is instructive, in that the prosecutor did not merely raise the specter of post-arrest silence, but instead flagrantly persisted in pursuing the line of questioning. The Waco court concluded that because of the state's action and "the simplicity of the trial

court's instructions when constitutional guarantees were at stake," the instructions were inadequate to effectively cure the prejudice caused by the state. *Veteto*, 8 S.W.3d at 812.

3. In *Doyle v. Ohio*, 426 U.S. 610, 96 S.Ct. 2240, 49 L.Ed.2d 91 (1976), the Supreme Court held it was a violation of due process to impeach a defendant's testimony with evi-

dence of post-*Miranda* silence is prohibited because a jury may improperly consider evidence of an accused invoking his constitutional rights as an inference of guilt. *See Hardie v. State*, 807 S.W.2d 319, 322 (Tex.Crim.App.1991); *Dumas v. State*, 812 S.W.2d 611, 614 (Tex.App.-Dallas 1991, pet. ref'd).

This case, however, is distinguishable from the cases set out above. In each of the cases above, the state introduced evidence not only that the defendant had been informed of his or her *Miranda* rights or given his or her rights under Article 38.22, but then either went on to introduce testimony that clearly showed the defendant had then invoked his or her right to remain silent or his or her right to counsel or that the obvious conclusion from the evidence was that the defendant had invoked his or her rights. TEX.CODE CRIM. PROC. ANN. art. 38.22 (Vernon 1979 & Supp. 2002). In either situation, the jury was presented with evidence the defendant invoked his or her constitutional rights.

We agree fully with the long line of cases holding that to permit use of evidence that a suspect stood silent or claimed his or her privilege in the face of incrimination would erode the protection guaranteed by both the United States and Texas constitutions. *See Dumas*, 812 S.W.2d at 614; *Gathright v. State*, 698 S.W.2d 260, 261 (Tex.App.-Fort Worth 1985, no pet.).

■ In this case, however, a different scenario is shown. The officer's testimony he had informed Maxson of his constitutional rights was elicited as background for the officer's further testimony that after Maxson's arrest but before any custodial interrogation began, Maxson volunteered

he had engaged in sex with the victim, but claimed the sex was consensual. Under these facts, the evidence neither shows nor leads to the conclusion Maxson stood silent or claimed the privilege. It shows only that he was warned, but chose to attempt to explain his actions. In such a situation, the evidence does not show Maxson then exercised his right to remain silent or requested counsel. Further, there is no additional evidence from which the jury would necessarily conclude he exercised the rights set out in the warnings. We therefore conclude any exercise by Maxson of his constitutional rights was not improperly brought before the jury in this case. The contention of error is overruled.

■ Maxson next contends an outburst made by the alleged victim in the presence of the jury was of such a nature that he is entitled to a new trial. The outburst occurred during the jury's deliberations at the guilt/innocence phase of the trial. The jurors had asked for information about a conflict in testimony. The jury was brought into the courtroom for the testimony to be read. After the jury was released, defense counsel made the following record:

Your Honor, at this time Jim Attaway, attorney for the defendant, I just want to bring the Court's attention to the fact that when the jury came in this time, the complaining witness, [the complainant], was seated in the front seat of the courtroom crying, showing signs of distress and she was brought in about one minute before the jury came in, and I believe that was for the expressed [sic] purpose of affecting the jury in their deliberations. Then as they left the jury

dence of his or her post-arrest, post-*Miranda* silence. The Court held it was fundamentally unfair to promise a defendant he or she has a right to remain silent and then violate that

assurance by impeaching the defendant when he or she invokes that right. *See also Jamail v. State*, 787 S.W.2d 380, 382 (Tex.Crim.App. 1990).

box and during the reading of this recitation by the court reporter to the jury, they were looking over at her; and when they left, almost every one of the jurors looked at her as she was showing signs of distress and crying.

We object to that, your Honor, and we ask the Court to declare a mistrial because I believe that action has adversely affected the jury and they can no longer fairly determine a verdict in this case, their decision will be affected by the display by [the complainant].

The trial judge stated that he had been unable to see the complainant because a television was in the way and that he would have taken action had her emotional display been brought to his attention. He then denied the Motion for Mistrial. We review a trial court's denial of a motion for mistrial under an abuse of discretion standard. *Trevino v. State*, 991 S.W.2d 849, 851 (Tex.Crim.App.1999). Mistrial is an extreme remedy for prejudicial events occurring during the trial process. *See Bauder v. State*, 921 S.W.2d 696, 698 (Tex. Crim.App.1996).

■ To show that external influences on the jury created reversible error, a defendant must demonstrate actual or inherent prejudice. *Howard v. State*, 941 S.W.2d 102, 117 (Tex.Crim.App.1996); *Moreno v. State*, 952 S.W.2d 44, 46 (Tex.App.-San Antonio 1997, no pet.). Actual prejudice occurs when the jurors articulate "a consciousness of some prejudicial effect." *Howard*, 941 S.W.2d at 117. Inherent prejudice occurs when "an unacceptable risk is presented of impermissible factors coming into play." *Id.* In other words, bystander conduct that interferes with normal trial proceedings will not result in reversible error unless the defendant shows "a reasonable probability that the conduct or expression interfered with the jury's verdict." *Id.* (citing *Landry v.*

*State*, 706 S.W.2d 105, 112 (Tex.Crim.App. 1985)).

■ The record does not reveal an outburst that could be described as extreme, but does reflect some form of emotional display occurred outside the sight of the trial judge. Counsel did not request an instruction, and we perceive obvious tactical reasons for not asking that the jury be recalled and given an instruction to disregard. An argument can be readily made that such an instruction might well reiterate, in the minds of the jurors, the conduct they had just observed—which they would then be instructed to disregard.

Nevertheless, this record does not contain anything to suggest the emotional display was of such a nature that an instruction to disregard would have been ineffectual. Accordingly, we must also conclude the trial court's decision not to grant the Motion for Mistrial did not constitute an abuse of discretion.

The judgment is affirmed.