SALAZAR V. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-02-275-CR

EFRAIN SALAZAR APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 396
TH
 DISTRICT COURT OF TARRANT COUNTY

------------

OPINION

------------

Appellant, Efrain Salazar, appeals from his murder conviction.  In three points, appellant complains that the evidence is legally insufficient to support his conviction; that the trial court erred by overruling his objection to the State’s questions on post-arrest silence; and that the State deprived him of a fair trial by injecting questions of religion into the prosecution of the case.   We affirm.

FACTS

Bose Williams and appellant are both members of rival gangs.  Williams and appellant have known each other since childhood and fought with each other over the years regarding differences and gang affiliations.  Most recently, Williams and appellant fought a few months before the night Leslie Sturges was killed.

On April 6, 2001, around midnight, Williams was at the Dallas Food Store on Rosedale buying beer.  While Williams was standing in the store’s parking lot talking to some friends, appellant arrived in a white Buick LeSabre.  After exchanging words, appellant and Williams began fighting.  The fight continued until Sturges (Williams’s friend) stepped in to break it up. 

After the fight ended, appellant walked back to his car.  Williams and Sturges began walking away from the store.  As Williams was walking down the sidewalk he heard a car come up behind him and accelerate.  Appellant struck Williams with his car and knocked him down.  As appellant drove his car “full speed” over the curb, he also hit Sturges from behind.  Appellant drove away from the scene of the accident without stopping to help.  Sturges died from injuries he sustained when he was hit by appellant’s car. 

At trial for Sturges’s murder, appellant testified on his own behalf.  He stated that cars were blocking the exit to the store, so he was forced to drive straight ahead toward Williams and Sturges.  He testified that he thought they would get out of the way.  At one point during his testimony, appellant admitted hitting Sturges, but denied hitting Williams.  At another point, he said he did not plan to hit anyone and was just trying to get away.  The jury convicted appellant of murder and sentenced him to forty-five years' confinement.

LEGAL SUFFICIENCY

In his first point, appellant complains that the evidence is legally insufficient to support his conviction for murder.  
In reviewing the legal sufficiency of the evidence to support a conviction, we view all the evidence in the light most favorable to 
the verdict in order to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.  
Jackson v. Virginia, 
443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); 
Burden v. State
, 55 S.W.3d 608, 612 (Tex. Crim. App. 2001).  This standard gives full play to the responsibility of the trier of fact to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts.  
Jackson, 
443 U.S. at 319, 99 S. Ct. at 2789.  When performing a legal sufficiency review, we may not sit as a thirteenth juror, re-evaluating the weight and credibility of the evidence and, thus, substituting our judgment for that of the fact finder.  
Dewberry v. State
, 4 S.W.3d 735, 740 (Tex. Crim. App. 1999), 
cert. denied
, 529 U.S. 1131 (2000).

In determining the legal sufficiency of the evidence to show an appellant's intent, and faced with a record that supports conflicting inferences, we “must presume —even if it does not affirmatively appear in the record —that the trier of fact resolved any such conflict in favor of the prosecution, and must defer to that resolution.”  
Matson v. State
, 819 S.W.2d 839, 846 (Tex. Crim. App. 1991).  The verdict may not be overturned unless it is irrational or unsupported by proof beyond a reasonable doubt.  
Id.
 

Under the penal code, a person commits the offense of murder if he:  (1) intentionally or knowingly causes the death of an individual; or (2) intends to cause serious bodily injury and commits an act clearly dangerous to human life that causes the death of an individual. 
Tex. Penal Code Ann.
 § 19.02(b) (Vernon 2003).  The jury was instructed accordingly.  The court also instructed the jury, that pursuant to the doctrine of transferred intent, a party is criminally liable for causing a result if the only difference between the desired result and the actual result is that a different person was injured or otherwise affected.  
Id. 
§ 6.04(b). 

Although appellant admitted to killing Sturges by striking him with his car, he denies that he had the requisite intent to harm either Sturges or Williams.  A person's intent to commit an offense generally must be established by circumstantial evidence and may be inferred from the person's acts, words, and conduct
.  Hernandez v. State
, 819 S.W.2d 806, 810 (Tex. Crim. App. 1991),
 cert. denied
, 504 U.S. 974 (1992)
; 
see also Davis v. State
, 955 S.W.2d 340, 349 (Tex. App.—Fort Worth 1997, pet. ref'd).  A person acts intentionally with respect to the nature of his conduct or as a result of his conduct when it is his conscious objective or desire to engage in the conduct or cause the result. 
Tex. Penal Code Ann.
 § 6.03(a).  Likewise, a person acts knowingly with respect to the nature of his conduct or to circumstances surrounding his conduct when he is aware of the nature of his conduct or the circumstances surrounding it.  
Id. § 
6.03(b).  A person also acts knowingly with respect to a result of his conduct when he is aware that his conduct is reasonably certain to cause the result. 
 Id.
   In the case at bar, the evidence shows that appellant and Williams shared animosity for each other for years, were members of rival gangs, and had fought with each other multiple times prior to the night that Sturges was killed.  Appellant testified that Williams jumped out of the way before the car reached him.  Williams testified that he heard appellant’s car accelerate as it came up behind him.

Two witnesses on the scene
(footnote: 1) testified that they saw appellant aim his car at Williams by driving it full speed over the curb and onto the sidewalk, instead of taking one of the exits out of the parking lot.  Sheanette Leonard, one of the witnesses, testified that appellant’s car “went right after the men.”  Takeia Scott, another witness, testified that after appellant hit Sturges, the body fell on the hood of appellant’s car, hit the windshield, and was hit by the back of the car as appellant drove over the curb.  Both Leonard and Scott observed that appellant could have left the parking lot out of the exit instead of driving over the curb onto the sidewalk.  Additionally, Scott testified that she heard laughter coming from appellant’s car as he drove away from the scene. 

Viewed in a light most favorable to the verdict, the evidence showed that appellant acted with the requisite intent to cause serious bodily injury and committed an act clearly dangerous to human life resulting in death.  Therefore, the evidence was sufficient to support appellant’s conviction for murder.  We overrule appellant’s first point.

POST-ARREST SILENCE

In his second point, appellant complains that the trial court erred by overruling his objection to the State’s questions on post-arrest silence. While appellant was testifying the prosecution asked:

Q.  When you got to the police station, did you just spill your guts to the detective, here's what happened, let me tell you what happened, Detective Waters?

A.  No, sir.

Q.  And why not?

A.  I didn't know what to say.  I was scared.

Q.  Didn't know what to say so you said nothing, right?

[DEFENSE COUNSEL]:  Object, Your Honor.  He has a constitutional right not to have to say anything.

THE COURT:  Overruled.

[PROSECUTOR]:  Well, [appellant], if this was an accident, wouldn't you want to climb up on the tallest mountain and yell it to everyone who could hear, it was an accident?  Wouldn't a reasonable person do that?

A.  It could.

A criminal defendant may be cross-examined and impeached as any other witness when he takes the witness stand. 
 Cisneros v. State
, 692 S.W.2d 78, 83 (Tex. Crim. App. 1985); 
Cuellar v. State
, 613 S.W.2d 494, 495 (Tex. Crim. App. 1981).  This general rule, however, is qualified by any overriding constitutional or statutory prohibitions. 
 Cuellar
, 613 S.W.2d at 495; 
see also Cisneros
, 692 S.W.2d at 83.  The State may not use post-arrest, or pre- or post-
Miranda
 silence to impeach or discredit an exculpatory theory elicited for the first time at trial.
  See
 
Doyle v. Ohio
, 426 U.S. 610, 611, 96 S. Ct. 2240, 2241 (1976); 
Sanchez v. State
, 707 S.W.2d 575, 580 (Tex. Crim. App. 1986);
 Cisneros
, 692 S.W.2d at 84; 
Cuellar
, 613 S.W.2d at 495. 

Nonetheless, the defendant's right to remain silent and not have that silence used against him at trial is a forfeitable right.  
Miller v. State
, 939 S.W.2d 681, 687 (Tex. App.—El Paso 1996, no pet.).  Consequently, a defendant must object in order to preserve complaints concerning the admission of evidence showing his pre- and post-arrest silence.  
Wheatfall v. State
, 882 S.W.2d 829, 836 (Tex. Crim. App. 1994); 
Smith v. State
, 721 S.W.2d 844, 855 (Tex. Crim. App. 1986); 
Cisneros
, 692 S.W.2d at 83 (all holding defendants' complaints concerning use of pre- and post-arrest silence waived in absence of objection). 

To preserve a complaint for our review, a party must have presented to the trial court a timely request, objection, or motion that states the specific grounds for the desired ruling if they are not apparent from the context of the request, objection, or motion.  
Tex. R. App. P.
 33.1(a)(1);
 
Mosley v. State,
 983 S.W.2d 249, 265 (Tex. Crim. App. 1998) (op. on reh’g), 
cert. denied, 
526 U.S. 1070 (1999).
  Further, the trial court must have ruled on the request, objection, or motion, either expressly or implicitly, or the complaining party must have objected to the trial court’s refusal to rule.  
Tex. R. App. P.
 33.1(a)(2). 
To preserve error, a party must continue to object each time the objectionable evidence is offered.  
Fuentes v. State
, 991 S.W.2d 267, 273 (Tex. Crim. App.), 
cert. denied,
 528 U.S. 1026 (1999); 
Ethington v. State,
 819 S.W.2d 854, 858-59 (Tex. Crim. App. 1991).  A trial court’s erroneous admission of evidence will not require reversal when other such evidence was received without objection, either before or after the complained-of ruling. 
 Leday v. State
, 983 S.W.2d 713, 718 (Tex. Crim. App. 1998).  This rule applies whether the other evidence was introduced by the defendant or the State.  
Id.

In the case at bar, appellant failed to object to the State’s first question asking appellant “did you just spill your guts to the detective” at the police station.  Although appellant did object to the State’s next question, he also failed to object when later asked, “
if this was an accident, wouldn't you want to climb up on the tallest mountain and yell it to everyone who could hear, it was an accident?  Wouldn't a reasonable person do that?
”  Because appellant failed to object to the admission of substantially similar testimony, he has failed to preserve error on this issue.  
See id.
 

Additionally, we note that appellant did not maintain post-arrest silence.  After his arrest, appellant told Detective Waters that the car was located at his home at 916 Conner.  The State cannot improperly comment upon a defendant’s post-arrest silence when he did not remain silent.  
Maxson v. State
, 79 S.W.3d 74, 76 (Tex. App.—Texarkana 2002, pet. ref’d); 
Wearren v. State
, 877 S.W.2d 545, 547 (Tex. App.—Beaumont 1994, no pet.)
.  For the foregoing reasons, we overrule appellant’s second point.

RELIGIOUS COMMENTS

In his third point, appellant claims that the State deprived him of a fair trial by injecting questions of religion into the prosecution of the case.  Appellant concedes that he failed to preserve this complaint for our review because he did not object to the State's line of questioning.  
See
 
Tex. R. App. P.
 33.1(a)(2).  Even so, appellant urges this court to address this point because the “repugnancy of this behavior warrants” a discussion.  Regardless of whether the prosecutor’s line of questioning was appropriate, we may not address the merits of an unpreserved complaint. Therefore, we overrule appellant’s third point.

CONCLUSION

Having overruled all three of appellant’s points, we affirm the trial court's judgment.

TERRIE LIVINGSTON

JUSTICE

PANEL F: LIVINGSTON, HOLMAN, and GARDNER, JJ.

PUBLISH

DELIVERED:  January 29, 2004

FOOTNOTES
1:
Neither witness was acquainted with Williams or appellant.