NO. 07-10-0389-CR

 

IN THE
COURT OF APPEALS

 

FOR THE
SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL E

 

JULY 18, 2011

__________________________

 

PAUL
F. ROSALES,  

 

                                                                                         Appellant


v.

 

THE STATE OF
TEXAS,  

 

                                                                                         Appellee

__________________________

 

FROM THE 137TH DISTRICT COURT OF LUBBOCK COUNTY;

 

NO. 2009-425,826; HONORABLE CECIL G. PURYEAR,
PRESIDING

 

__________________________

 

Memorandum Opinion

__________________________

 

Before QUINN, C.J., HANCOCK,
J., and BOYD, S.J.[1]

            After pleading guilty to the offense
before a jury, Paul F. Rosales was convicted of burglarizing a habitation.  He then tried the issue of punishment to the same
jury, which eventually levied a sentence of fifty years in prison.  The two issues before us concern appellant’s
Fifth Amendment right to remain silent and the State’s comment upon appellant’s
refusal to waive that right.  The comment
was made during the punishment phase of the trial, again, after appellant had
already pled guilty.   We overrule the
issues and affirm the judgment. 

            The colloquy between the prosecutor
and witness occurred as follows:

Q.  Now, did you
and – decide to Mirandize this Defendant and also the passenger?

 

A.   
 After Investigator McAdoo got to the scene.

Q. 
Okay.  And who is Anthony McAdoo?

A.  He is a
criminal investigator in our Investigations Division.  He was the on-call investigator and he was
sent out to the scene.

 

Q.  And when we
talk about mirandizing someone, we’re talking about if you want to waive your
rights and speak to law enforcement, someone can – you know, you can hire an
attorney if you can’t afford one, you have the right to talk to us or not; is
that correct?

 

A.   
 Yes, sir.

Q.  I mean, it’s
a little bit more detailed than that, but that’s what the Miranda warnings are;
is that correct?

 

A.   
 Yes, sir. 


Q.  Did either
Jesus or this Defendant ever waive their rights and speak to you?

 

A. 
No, they refused.  

Q. 
Okay.  

Thereafter,
appellant’s counsel sought leave to approach the bench.  Upon receiving such leave, counsel
stated:  “. . . at this time I believe
that is a comment on his post-arrest right to remain silent, and it goes to his
failure to provide a defense and shifts the burden.”  The trial court overruled the purported
objection.[2]

            A defendant must timely object to a
purported comment about his decision to remain silent to preserve the error for
review.  Salazar v. State, 131 S.W.3d 210, 214 (Tex. App.–Fort
Worth 2004, pet. ref’d); Maxson v. State, 79 S.W.3d 74, 76 (Tex. App.–
Texarkana 2002, pet. ref’d).  To be
timely, the objection must be uttered as soon as the ground for objection
became apparent.  Neal
v. State, 256 S.W.3d
264, 279  (Tex. Crim. App. 2008).  Waiting until after the question has been
asked and answered while failing to show any legitimate reason for the delay
does not satisfy the requirement.  Dinkins
v. State, 894 S.W.2d 330,
355 (Tex. Crim. App. 1995).  And, that is
what occurred here.  It is clear that the
prosecutor was broaching, for some reason, the topic of remaining silent and
one’s right to do so.  It is also clear
that the foregoing was a prelude to the witness being asked if appellant waived
his right to remain silent.  Why
appellant opted to withhold objection until the question was answered is
unexplained.  So, under these
circumstances, we conclude that appellant neglected to satisfy the requirement
that he preserved the issues for review by timely objecting.  Consequently, the issues before us were
waived.[3]   

            

Accordingly, the judgment is affirmed.

 

                                                                                    Brian
Quinn 

                                                                                    Chief
Justice

Do
not publish.











[1]John T. Boyd, Senior Justice, sitting by assignment.





[2]Appellant’s
quotation of the pertinent colloquy between the prosecutor and witness is
inaccurate.  It indicates that he
objected to the State’s effort to offer testimony commenting upon appellant’s
decision to remain silent before the law enforcement officer was asked if
appellant waived the right.  The record,
however, discloses that appellant’s counsel said nothing until after the question was asked and
answered.  This distinction is of import,
as we will illustrate, supra. 

 





[3]Even
if not waived, we note that when a defendant pleads guilty, he admits the
existence of all facts necessary to establish his guilt and the introduction of
evidence by the State is to permit a judge or jury to exercise its discretion
in the assessment of punishment.  Carroll v. State, 975
S.W.2d 630, 631-32 (Tex. Crim. App. 1998).  While it is true that a constitutional
privilege against self-incrimination still exists at the punishment phase of
trial, Carroll v. State, 42
S.W.3d 129, 132 (Tex. Crim. App. 2001), the entry of an accused’s
guilty plea diminishes the force of his assertion that his post-arrest silence
constitutes a right against self-incrimination and goes only to the issue of
punishment and not guilt.  See Price v. State, 640 S.W.2d 673, 675 (Tex. App.–Houston [14th
Dist.] 1982, no pet.) (quoting Williams v. State, 607 S.W.2d 577, 579 (Tex.
Crim. App. 1980)).  This is particularly
true in light of appellant’s complaints that the reference to his post-arrest
silence went to his “failure to provide a defense” and “shift[ed] the burden.”