NO. 07-10-0389-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

JULY 18, 2011
_____

PAUL F. ROSALES,

Appellant

v.

THE STATE OF TEXAS,

Appellee
_____

FROM THE 137TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2009-425,826; HONORABLE CECIL G. PURYEAR, PRESIDING
_____

*Memorandum Opinion*
_____

Before QUINN, C.J., HANCOCK, J., and BOYD, S.J.[1]

After pleading guilty to the offense before a jury, Paul F. Rosales was convicted of burglarizing a habitation. He then tried the issue of punishment to the same jury, which eventually levied a sentence of fifty years in prison. The two issues before us concern appellant's Fifth Amendment right to remain silent and the State's comment upon appellant's refusal to waive that right. The comment was made during the

---

[1]John T. Boyd, Senior Justice, sitting by assignment.

punishment phase of the trial, again, after appellant had already pled guilty. We overrule the issues and affirm the judgment.

The colloquy between the prosecutor and witness occurred as follows:

Q. Now, did you and – decide to Mirandize this Defendant and also the passenger?

A. After Investigator McAdoo got to the scene.

Q. Okay. And who is Anthony McAdoo?

A. He is a criminal investigator in our Investigations Division. He was the on-call investigator and he was sent out to the scene.

Q. And when we talk about mirandizing someone, we're talking about if you want to waive your rights and speak to law enforcement, someone can – you know, you can hire an attorney if you can't afford one, you have the right to talk to us or not; is that correct?

A. Yes, sir.

Q. I mean, it's a little bit more detailed than that, but that's what the Miranda warnings are; is that correct?

A. Yes, sir.

Q. Did either Jesus or this Defendant ever waive their rights and speak to you?

A. No, they refused.

Q. Okay.

Thereafter, appellant's counsel sought leave to approach the bench. Upon receiving such leave, counsel stated: ". . . at this time I believe that is a comment on his post-arrest right to remain silent, and it goes to his failure to provide a defense and shifts the burden." The trial court overruled the purported objection.[2]

---

[2]Appellant's quotation of the pertinent colloquy between the prosecutor and witness is inaccurate. It indicates that he objected to the State's effort to offer testimony commenting upon appellant's decision to remain silent before the law enforcement officer was asked if appellant waived the right. The record,

A defendant must timely object to a purported comment about his decision to remain silent to preserve the error for review. *Salazar v. State,* 131 S.W.3d 210, 214 (Tex. App.–Fort Worth 2004, pet. ref'd); *Maxson v. State,* 79 S.W.3d 74, 76 (Tex. App.–Texarkana 2002, pet. ref'd). To be timely, the objection must be uttered as soon as the ground for objection became apparent. *Neal v. State,* 256 S.W.3d 264, 279 (Tex. Crim. App. 2008). Waiting until after the question has been asked and answered while failing to show any legitimate reason for the delay does not satisfy the requirement. *Dinkins v. State,* 894 S.W.2d 330, 355 (Tex. Crim. App. 1995). And, that is what occurred here. It is clear that the prosecutor was broaching, for some reason, the topic of remaining silent and one's right to do so. It is also clear that the foregoing was a prelude to the witness being asked if appellant waived his right to remain silent. Why appellant opted to withhold objection until the question was answered is unexplained. So, under these circumstances, we conclude that appellant neglected to satisfy the requirement that he preserved the issues for review by timely objecting. Consequently, the issues before us were waived.[3]

_____

however, discloses that appellant's counsel said nothing until *after* the question was asked and answered. This distinction is of import, as we will illustrate, *supra*.

[3]Even if not waived, we note that when a defendant pleads guilty, he admits the existence of all facts necessary to establish his guilt and the introduction of evidence by the State is to permit a judge or jury to exercise its discretion in the assessment of punishment. *Carroll v. State,* 975 S.W.2d 630, 631-32 (Tex. Crim. App. 1998). While it is true that a constitutional privilege against self-incrimination still exists at the punishment phase of trial, *Carroll v. State,* 42 S.W.3d 129, 132 (Tex. Crim. App. 2001), the entry of an accused's guilty plea diminishes the force of his assertion that his post-arrest silence constitutes a right against self-incrimination and goes only to the issue of punishment and not guilt. *See Price v. State,* 640 S.W.2d 673, 675 (Tex. App.–Houston [14th Dist.] 1982, no pet.) (quoting *Williams v. State,* 607 S.W.2d 577, 579 (Tex. Crim. App. 1980)). This is particularly true in light of appellant's complaints that the reference to his post-arrest silence went to his "failure to provide a defense" and "shift[ed] the burden."

Accordingly, the judgment is affirmed.

Brian Quinn
Chief Justice

Do not publish.