

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-19-00037-CR
_____

STEVEN SETH ROSEWELL, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 115th District Court
Upshur County, Texas
Trial Court No. 17617

Before Morriss, C.J., Burgess and Stevens, JJ.
Memorandum Opinion by Justice Burgess

## MEMORANDUM OPINION

Steven Seth Rosewell pled guilty to aggravated assault with a deadly weapon. After a punishment trial, an Upshur County jury sentenced Rosewell to fifteen years' imprisonment. On appeal, Rosewell argues that the trial court erred in admitting testimony about his post-arrest silence and that counsel rendered ineffective assistance in failing to preserve the issue for our review. Rosewell also argues that counsel rendered ineffective assistance by allowing the State to cross-examine him about bullet trajectory because the State's questions essentially amounted to unqualified expert testimony.

We affirm the trial court's judgment because we conclude that the trial court sustained counsel's objection on Rosewell's post-arrest silence, and ineffective assistance of counsel is not shown by the record.

## I.    Background

After Rosewell pled guilty to the offense in the jury's presence, his victim, Rachael Catherine Whetstone, testified that Rosewell shot her while they were on the way to a mutual friend's house to purchase methamphetamine. Whetstone said she had a change of heart and asked Rosewell to let her out of the car before they reached their friend's home. According to Whetstone, Rosewell refused and shot her as she was trying to escape his vehicle. Whetstone testified that the bullet went through her arm, shoulder, elbow, chin, and exited through her eye. Rosewell denied Whetstone's initial requests for assistance, threatened her life, and kept her hostage in the car for twelve hours until Whetstone managed to convince him to take her to the hospital.

Timothy Don Hall, a criminal investigator with the Upshur County Sheriff's Office, testified that he met with Whetstone in the hospital and witnessed the extent of her injuries. According to Hall, Whetstone said she was shot by Rosewell after attempting to exit his vehicle. Hall executed a search warrant on Rosewell's home, found a gun that was similar to the one described by Whetstone, and discovered Whetstone's blood on the passenger seat of Rosewell's car. Rosewell was arrested.

During the trial on punishment, Rosewell admitted that he shot Whetstone while he was high on methamphetamine. However, he claimed that he reacted by pulling the trigger when Whetstone reached for the gun and that he did not intend to hurt her. Yet, Rosewell admitted that he purposefully pointed the gun at Whetstone and that the act was reckless. Rosewell also testified that he did not take Whetstone to the hospital because he feared the consequences of his actions. Rosewell told the jury that he was remorseful and asked that they consider his request for community supervision.

## II. The Trial Court Sustained Rosewell's Objection on Post-Arrest Silence

Rosewell argues that the trial court erred in allowing testimony related to his post-arrest silence.[1] His complaint is related to the following portion of the transcript from Hall's direct examination:

> Q    [BY THE STATE]:    Okay. Did you interview Mr. Rosewell?
>
> A    I attempted to, yes.

---

[1]The State argues that Rosewell signed a stipulation of evidence stating that he "waived [his] Federal and State constitutional right against self-incrimination." However, a defendant does not automatically waive his right against self-incrimination at sentencing when pleading guilty and entering written waivers and stipulations during guilt/innocence. *Carroll v. State*, 42 S.W.3d 129, 132 (Tex. Crim. App. 2001).

Q     And he did not want to speak to you about the case?

A     Correct.

Q     At any time when he was telling you that he wanted to -- that he didn't want to speak to you, did he ever express any remorse?

[BY THE DEFENSE]:   Your Honor, I'm going to object to that.  I think that's -- can we approach?

THE COURT:  Yes.

(At the bench, on the record.)

[BY THE DEFENSE]:  Your Honor, I didn't object to past stuff, but I think that's an illegal comment on his right not to testify.  And he invoked his right.  He wanted to speak to an attorney.  You know, there wasn't any opportunity for him to apologize or anything like that. . . .

[BY THE STATE]:   Okay.  I'll rephrase it.

[BY THE DEFENSE]:   Okay.

(End of bench conference.)

Q     [BY THE STATE] I'll have to rephrase my question.  Many times when you interview a subject before you're even able to read them their rights, they start talking; is that correct?

A     Sometimes, yes.

Q     And did Mr. Rosewell do that in this case?

A     No, he did not.

Q     What did he immediately do?

[BY THE DEFENSE]:   Your Honor, again, I'm -- I'm going to object.  I think that's -- for the reason I stated earlier, I think that's an improper question.

THE COURT:  I'm going to sustain that.

4

To preserve error, an objection must be "pursued to an adverse ruling." *Geuder v. State*, 115 S.W.3d 11, 13 (Tex. Crim. App. 2003). "It is well settled that when an appellant has been given all the relief he or she requested at trial, there is nothing to complain of on appeal." *Kay v. State*, 340 S.W.3d 470, 473 (Tex. App.—Texarkana 2011, no pet.) (citing *Nethery v. State*, 692 S.W.2d 686, 701 (Tex. Crim. App. 1985); *Lasker v. State*, 573 S.W.2d 539, 543 (Tex. Crim. App. [Panel Op.] 1978)). "Failure to request additional relief after an objection is sustained preserves nothing for review." *Id.* (citing *Caron v. State*, 162 S.W.3d 614 (Tex. App.—Houston [14th Dist.] 2005, no pet.)). Here, because the trial court sustained the only objection made by Rosewell, there is no adverse ruling about which he can complain. Accordingly, we overrule Rosewell's first point of error.

## III.    Ineffective Assistance of Counsel Is Not Shown by the Record

Citing to the above-excerpted portion of Hall's examination, Rosewell argues that his counsel rendered ineffective assistance by failing to (1) timely object to comments about his post-arrest silence and (2) request a mistrial or limiting instruction when the trial court sustained his last objection. Rosewell also argues that counsel failed to object to the State's cross-examination after he claimed to have shot Whetstone as she reached for his gun.

### A.    Standard of Review

As many cases have noted, the right to counsel does not mean the right to errorless counsel. *Robertson v. State*, 187 S.W.3d 475, 483 (Tex. Crim. App. 2006). In order to prevail on a claim of ineffective assistance of counsel, the defendant must satisfy the two-pronged test set forth in *Strickland v. Washington*, 466 U.S. 668, 687–88 (1984). *See Ex parte Imoudu*, 284 S.W.3d 866,

5

869 (Tex. Crim. App. 2009) (orig. proceeding).  A failure to make a showing under either prong defeats a claim for ineffective assistance.  *Rylander v. State*, 101 S.W.3d 107, 110–11 (Tex. Crim. App. 2003).

The first prong requires a showing "that counsel's performance fell below an objective standard of reasonableness."  *Strickland*, 466 U.S. at 688.  This requirement can be difficult to meet since there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance."  *Id.* at 689.  Accordingly, the Texas Court of Criminal Appeals has said that "[t]rial counsel 'should ordinarily be afforded an opportunity to explain his actions' before being denounced as ineffective."  *Menefield v. State*, 363 S.W.3d 591, 593 (Tex. Crim. App. 2012) (quoting *Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005)).

Where an appellate record is silent as to why trial counsel failed to take certain actions, the appellant has "failed to rebut the presumption that trial counsel's decision was in some way—be it conceivable or not—reasonable."  *Mata v. State*, 226 S.W.3d 425, 431 (Tex. Crim. App. 2007); *see Thompson v. State*, 9 S.W.3d 808, 814 (Tex. Crim. App. 1999).  This is because allegations of ineffectiveness "must 'be firmly founded in the record.'"  *Bone v. State*, 77 S.W.3d 828, 833 n.13 (Tex. Crim. App. 2002) (quoting *Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999)).  Essentially, when a party raises an ineffective assistance of counsel claim for the first time on direct appeal, the defendant must show that "under prevailing professional norms," *Strickland*, 466 U.S. at 688, no competent attorney would do what trial counsel did or no competent attorney would fail to do what trial counsel failed to do.  *Andrews v. State*, 159 S.W.3d 98, 102 (Tex. Crim. App. 2005).

**B.** **The Record Does Not Support Rosewell's Claim of Ineffective Assistance With Respect to Comments About His Post-Arrest Silence**

It is not apparent from the record why counsel chose to forego an objection to Hall's testimony that Rosewell did not wish to speak with him. It is possible that counsel believed it best not to call attention to the testimony by voicing an objection. Counsel could have also believed that Rosewell's plea of guilty to the offense "diminished the force of [his] assertion that his silence constituted an exercise of his right against self-incrimination." *Williams v. State*, 607 S.W.2d 577, 579 (Tex. Crim. App. 1980). Considering these reasons, we find that Rosewell has not met his burden to demonstrate counsel's ineffectiveness for choosing to forego timely objections to Hall's testimony about Rosewell's post-arrest silence.

Rosewell next complains that counsel should have requested a limiting instruction or a mistrial when the trial court sustained his last objection to the State's question, "What did he immediately do?" Hall never answered the State's question. Therefore, it is reasonable for counsel to have believed that requests for a limiting instruction or mistrial were unnecessary. It is also reasonable that counsel may have believed that the State was entitled to address the issue of whether Rosewell had expressed remorse since Rosewell pled guilty and, during opening statement, informed the jury that he was sorry for his actions. *See Price v. State*, 640 S.W.2d 673, 675 (Tex. App.—Houston [14th Dist.] 1982, no pet.) (cross-examination on post-arrest silence was proper "since [defendant] had already confessed his guilt" and "could be expected to speak out if he were sincere in his sorrow") (quoting *Williams v. State*, 607 S.W.2d 577, 579 (Tex. Crim. App. 1980)); *Reyna v. State*, 11 S.W.3d 401, 404 (Tex. App.—Houston [1st Dist.] 2000, pet. ref'd); *see also Cisneros v. State*, 692 S.W.2d 78, 83 (Tex. Crim. App. 1985).

7

Because counsel's position on Rosewell's allegations of ineffectiveness relating to his post-arrest silence are not apparent on the record, we overrule his second point of error.

**C.	The Record Does Not Support Rosewell's Claim of Ineffective Assistance with Respect to the State's Questioning**

Next, Rosewell asserts counsel's ineffectiveness in failing to object to the following questioning during his cross-examination:

> Q	[BY THE STATE]:	Okay. Now, if you can show where somebody got shot, you can kind of understand where they were when they got shot. Does that make sense?
>
> A	Somewhat.
>
> Q	Okay. Can't really fake -- can't really make a bullet curve and come from somewhere other than the direction that it's shot. Does that make sense to you?
>
> A	Right.
>
> Q	Well, they tend to travel in somewhat of a straight line, do they not?
>
> A	Right.
>
> . . . .
>
> Q	Did you see the pictures of Rachael today?
>
> A	Yes.
>
> Q	Did you hear the investigator testify today?
>
> A	Yes.
>
> Q	Okay. Rachael got shot from here in the back of her arm. So the bullet went in right here behind her. It came out here. It went in here in the back of her ear and came out her eye. Do you understand how that cannot happen if she was reaching for your gun?

A       No.

Q       Okay. Do you understand that if she was reaching for your gun and you shot her, it would have gone in her front and came out her back? But that's not what happened. You shot Rachael in the back when she was leaning away from you and that's what the scientific evidence shows. Did you look at those pictures?

A       Yes.

Q       Did you hear that testimony?

A       Yes.

Q       You understand that it makes no sense that she was reaching for your gun. Zero. . . . You've got to answer my question.

A       I don't know how it happened that way but it did.

Q       So the laws of physics cease to apply in your truck; and someone who was leaning away from you, the bullet magically circled around and entered her face?

A       Not magic.

Q       Well, you understand that the scientific evidence does not line up with your version of the events. Does that make sense to you?

A       No, it doesn't.

This questioning came after Whetstone testified that she had her back to Rosewell, turned sideways when he called her name, and was shot while facing sideways. Photos of the bullet entry and exit wounds were admitted into evidence. Given Rosewell's testimony, the State's cross-examination was directed at impeaching Rosewell's claim that he shot Whetstone because she reached for his gun. Rosewell argues that counsel should have objected to this line of questioning

9

because the State's questions constituted "unqualified 'expert testimony'" in violation of Rule 702 of the Texas Rules of Evidence. *See* TEX. R. EVID. 702. We disagree.

Counsel could have decided that an objection on the ground argued on appeal was unnecessary because the "prosecutor's questions . . . are not evidence of any fact" and because the trial court instructed the jury that the comments of counsel were not evidence. *Stobaugh v. State*, 421 S.W.3d 787, 832 n.238 (Tex. App.—Fort Worth 2014, pet. ref'd) (citing *Madden v. State*, 242 S.W.3d 504, 509–10 (Tex. Crim. App. 2007)). Therefore, based on this silent record, we cannot conclude that counsel rendered ineffective assistance by failing to object on the ground that the State's questions amounted to unqualified expert testimony.

We overrule Rosewell's last point of error.

## IV.     Conclusion

We affirm the trial court's judgment.

Ralph K. Burgess
Justice

Date Submitted:     August 12, 2019
Date Decided:       August 16, 2019

Do Not Publish

10